IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        No. 15-CR-01360-KG-GBW
                                          No. 17-CV-00114-KG

MARCELO GUTIERREZ-HERNANDEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

This matter is before the Court, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings For the United States District Court, on Defendant Marcelo Gutierrez-Hernandez's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody, filed on January 23, 2017. [CR Doc. 19] For the following reasons, the Court will require Defendant to show cause in writing why his § 2255 motion should not be dismissed as untimely under 28 U.S.C. § 2255(f).

On April 20, 2015, Defendant was charged in a one-count Information with re-entry of a removed alien in violation of 8 U.S.C. §§ 1326(a) and (b). [CR Doc. 10] Defendant pleaded guilty pursuant to a Fast Track Plea Agreement under Fed. R. Crim. Proc. 11(c)(1)(C). [CR Doc. 13] The Court accepted the Fast Track Plea agreement and sentenced Defendant to 36 months of imprisonment in the custody of the United States Bureau of Prisons. [CR Docs. 17, 18] The Court rendered judgment on Defendant's conviction and sentence on November 9, 2015. [CR Doc. 18] Defendant did not file a notice of appeal and, therefore, his conviction became final fourteen days later, on November 23, 2015. *See United States v. Prows*, 448 F.3d 1223, 1227-28

(10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."); F. R. App. Proc. 4(b)(1)(A) (providing that "a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . the judgment").

Federal district courts are "'permitted, but not obliged' to review, *sua sponte*, a federal prisoner's § 2255 motion to determine whether it has been timely filed." *United States v. DeClerck*, 252 F. App'x 220, 224 (10th Cir. 2007) (unpublished; emphasis omitted) (quoting *Day v. McDonough*, 547 U.S. 198, 209 (2006)). Title 28 of the United States Code, section 2255(f) imposes a one-year limitation period on § 2255 motions, which begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f). Ordinarily, the limitations period begins to run on "the date on which the judgment of conviction becomes final," § 2255(f)(1), unless the defendant raises a claim that implicates a later date under § 2255(f)(2), (3), or (4). *See United States v. Valencia*, 472 F.3d 761, 763 (10th Cir. 2006) ("A movant generally file a § 2255 petition within one year from the date her conviction becomes final."). In the present case, Defendant's judgment of conviction became final on November 23, 2015, and the limitations period expired one year later on November 23, 2016— two months before his § 2255 motion was filed on January 23, 2017.

2

The one-year limitation period in § 2255(f) is subject to equitable tolling, but only in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

In light of the foregoing, Defendant must show cause in writing, within thirty (30) days of the date of this order, why his § 2255 motion should not be dismissed as untimely under § 2255(f). Failure to file a timely written response to this order may result in the dismissal of Defendant's § 2255 motion without further notice.

IT IS THEREFORE ORDERED that, within thirty (30) days of the date of this order, Defendant shall file a written response showing cause, if any exists, why his § 2255 motion should not be dismissed as untimely.

_____
UNITED STATES DISTRICT JUDGE