# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                    No. 15-CR-01360-KG-GBW
                                                                                   No. 17-CV-00114-KG

MARCELO GUTIERREZ-HERNANDEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings For the United States District Court, on Defendant Marcelo Gutierrez-Hernandez's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody, filed on January 23, 2017. [CR Doc. 19] For the following reasons, the Court will dismiss Defendant's § 2255 motion as untimely, deny a certificate of appealability, and enter final judgment.

On April 20, 2015, Defendant was charged in a one-count Information with re-entry of a removed alien in violation of 8 U.S.C. §§ 1326(a) and (b). [CR Doc. 10] Defendant pleaded guilty pursuant to a Fast Track Plea Agreement under Fed. R. Crim. Proc. 11(c)(1)(C). [CR Doc. 13] The Court accepted the Fast Track Plea agreement and sentenced Defendant to 36 months of imprisonment in the custody of the United States Bureau of Prisons. [CR Docs. 17, 18] The Court rendered judgment on Defendant's conviction and sentence on November 9, 2015. [CR Doc. 18] Defendant did not file a notice of appeal and, therefore, his conviction became final fourteen days later, on November 23, 2015. *See United States v. Prows*, 448 F.3d 1223, 1227-28

(10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."); F. R. App. Proc. 4(b)(1)(A) (providing that "a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . the judgment").

On June 13, 2017, the Court reviewed Defendant's § 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Court and informed him that his § 2255 motion appears to be time-barred under 28 U.S.C. § 2255(f)(1). [CR Doc. 21] The Court noted that 28 U.S.C. § 2255(f) imposes a one-year limitation period on § 2255 motions, which begins to run, in relevant part, from "the date on which the judgment of conviction becomes final." § 2255(f)(1); *see also United States v. Valencia*, 472 F.3d 761, 763 (10th Cir. 2006) ("A movant generally file a § 2255 petition within one year from the date her conviction becomes final."). Because Defendant's judgment of conviction became final on November 23, 2015, the limitations period expired one year later on November 23, 2016— two months before his § 2255 motion was filed on January 23, 2017. The Court noted that the one-year limitation period in § 2255(f) is subject to equitable tolling and afforded Defendant an opportunity to explain, in writing, why his § 2255 motion should not be dismissed as untimely. [CR Doc. 21] The Court notified Defendant that failure to file a written response within thirty days of the date of entry of the Court's order "may result in the dismissal of Defendant's § 2255 motion without further notice." [CR Doc. 21]

The thirty-day deadline has expired and, as of this date, Defendant has not filed a written response to the Court's June 13, 2017, Memorandum Opinion and Order To Show Cause. Because Defendant has failed to raise a claim of equitable tolling, despite having been afforded an opportunity to do so, his § 2255 motion will be dismissed with prejudice as untimely under §

2

2255(f)(1).

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts. To be entitled to a certificate of appealability, Defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Reasonable jurists could not debate the Court's conclusion that Defendant's § 2255 motion is untimely under § 2255(f)(1) and, therefore, a certificate of appealability will be denied.

IT IS THEREFORE ORDERED that Defendant's § 2255 motion is DISMISSED with prejudice; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE
